IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RALPH AIKEN, )<br>  )<br>           Petitioner,  )<br>  )<br> vs.  )<br>  )<br> WARDEN, STEPHENSON CORRECTIONAL )<br> INSTITUTION; THE STATE OF SOUTH )<br> CAROLINA; AND ATTORNEY GENERAL )<br> OF THE STATE OF SOUTH CAROLINA, )<br>  )<br>           Respondents. )<br>_____ ) | C/A No. 4:06-2187-TLW-TER<br><br>REPORT AND RECOMMENDATION |

Petitioner, Ralph Aiken ("Petitioner/Aiken"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 2, 2006. Respondents filed a motion for summary judgment on November 3, 2006, and an amended return and supporting memorandum on November 6, 2006. The undersigned issued an order filed November 7, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on December 5, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I.  PROCEDURAL HISTORY

The procedural history as set forth by the respondents in their memorandum has not been seriously disputed by the petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the respondents.

Petitioner is currently incarcerated in Stevenson Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Hampton County. Petitioner was indicted in February 2001 for three counts of burglary, first degree. (PCR App. pp. 99-104). The solicitor served notice of intent to seek life without the possibility of parole. (PCR App. p. 105). Stephen T. Plexico, Esquire, represented Petitioner on the charges. Petitioner pleaded guilty to attempted burglary, first degree, and two counts of burglary, first degree, on February 28, 2001. The State agreed not to seek life without the possibility of parole, and offered a negotiated sentence of thirty (30) years. (PCR App. p. 3). The Honorable Jackson V. Gregory heard and accepted the plea. The judge sentenced Petitioner to concurrent thirty (30) year terms on each charge. (PCR App. p. 18). Petitioner did not appeal his plea or sentence.

On May 18, 2001, Petitioner filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following claims:

> I admitted to the attempted burglary but not the 2 burglary charges. They scared me, threatened me, and then added two charges that I did not do. They know I am slow (mentally retarded) and scared me into saying that I would take the time.

(2001 PCR Application, p. 3).

While the first action was pending, Petitioner filed a second *pro se* PCR application, on February 25, 2002, and raised the following claim:

> 9(a) under the influence of the intimidated [sic] and abuse.

(2002 PCR App. p. 22).

Gerald A. Kelly, Esquire, represented Petitioner in the action. The State made its return on May 31, 2002. (PCR App. pp. 33-35). An evidentiary hearing was held September 4, 2002, before the Honorable John M. Milling. (PCR App. p. 37). At the conclusion of the hearing, the PCR judge denied relief. (PCR App. pp. 88-91). The judge issued a written order of dismissal on November 11, 2002. (PCR App. pp. 93-98). Petitioner timely sought appellate review of the denial of relief.

On October 29, 2002, after the hearing was held, but before the written order of dismissal was issued in the second PCR action, the State made its return to the 2001 PCR application, and moved to dismiss the application as successive, and, in the alternative, barred by *res judicata*. On November 6, 2002, the Honorable Perry M. Buckner issued a conditional order of dismissal, finding the application successive and the claims barred by *res judicata* in light of the evidentiary hearing before Judge Milling and the resulting decision. The judge also granted Petitioner twenty (20) days in which to show cause why the order should not become final. On March 5, 2004, Judge Buckner issued a final order of dismissal based on the reasons expressed in the previous conditional order.

Before the 2001 application was finally dismissed, however, Petitioner pursued and completed his appeal from the 2002 action. Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal. Appellate counsel filed a *Johnson* Petition for Writ of Certiorari in the Supreme Court of South Carolina on April 2, 2003, and raised the following single issue:

> Was trial counsel ineffective for failing to request a psychological examination of petitioner?

(*Johnson* Cert. Pet., p. 2).

Appellate counsel also petitioned to be relieved as counsel of record. The State submitted a letter response on April 4, 2003, advising the Court that it had no objection to the petition to be relieved as counsel of record. On June 12, 2003, the Supreme Court of South Carolina denied the petition for review and granted the petition to be relieved. The state court issued the remittitur on June 30, 2003.

## II. HABEAS ALLEGATIONS

Petitioner raised the following allegation in his *pro se* habeas petition:

**Ground One: Ineffective assistance of counsel**

*Supporting Facts*: Counsel failed to investigate the crime which I told him I did not commit; counsel failed to make a reasonable investigations [sic] on all the charges that I'm serve [sic] this sentence for.

**Ground Two: Under the influence of intimidated [sic] make timid or fearful to compel or deter by or as if by threat.**

*Supporting Facts*: I were threatened to plea guilty to these charges because of my mental illness and I can't read, or write.

**Ground Three: Mental and psychologic [sic] impairments; Counsel was ineffective for failing to request an examination.**

*Supporting Facts*: Petitioner had below normal intelligence; counsel should have request a mental examination to determine Petitioner's competence. (Habeas Petition, pp. 6-10).

(Petition).

### III.  SUMMARY JUDGMENT

On November 3, 2006, respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material

5

fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Aiken filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. §2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams

v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The respondents assert that the petitioner's claims must be dismissed as untimely. Specifically, respondents contend the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> Petitioner's February 28, 2001 plea became final on March 10, 2001, when the ten (10) days in which he could have timely sought direct appeal review lapsed. Rule 203(b)(2), South Carolina Appellate Court Rules (ten (10) day period in which to seek direct appeal from general sessions conviction). Petitioner filed his first PCR application on May 18, 2001. At that time, sixty-nine (69) days of time not tolled by the statute had lapsed. Accordingly, Petitioner had two hundred and ninety-six (296) days of time left in which he could have timely filed for habeas relief after the conclusion of his collateral action. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). . .
>
> Petitioner's first PCR application became final on April 4, 2004, thirty (30) days after the final order issued on March 5, 2004, as Petitioner did not timely seek appellate review. Rule 203(b)(1), South Carolina Appellate Court Rules (thirty (30) day time limitation in which to seek direct appeal from common pleas judgment). Even though the 2002 action, which concluded on June 30, 2003, was the surviving action affording full and fair litigation of any and all claims, it would appear that under the plain language of the statute, the timely filed first action would toll the federal statute until its conclusion. *See*

7

> *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000)("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.")(internal citations omitted). *Compare Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)("time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling"). Even with this additional time provided by the first pending application, the instant petition cannot be considered timely filed. Two hundred and ninety-six (296) days from April 4, 2004, calculates to January 25, 2005. Petitioner did not file the instant action until July 28, 2006. Petitioner failed to file a timely petition. The petition should be summarily dismissed.

(Memorandum).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, petitioner did not file a direct appeal. Therefore, his plea entered on February 28, 2001, became final on March 10, 2001, upon the expiration of the ten (10) day period in which he could have filed a direct appeal. Petitioner filed his application for PCR on May 18, 2001. Therefore, sixty-nine days (69) days of non-tolled time passed between the conclusion of the time for direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. As stated under the procedural history, petitioner filed a second PCR application on February 25, 2002, before the written order of dismissal was entered on the first PCR application. The second PCR application was concluded on June 12, 2003, when the South Carolina Supreme Court denied the petition for review and issued the remittitur on June 30, 2003. Petitioner's first PCR was then dismissed by final order on March 5, 2004, as successive and barred by *res judicata* in light of the hearing before Judge Milling. Even using the date of April 4, 2004, the date upon the expiration of

9

the thirty (30) day period in which petitioner could have sought appellate review, the petition is time barred. Petitioner did not file this habeas corpus petition until August 2, 2006, with a Houston v. Lack delivery date of July 28, 2006, based on the stamped date on the envelope from the prison mailroom. Therefore, there was in excess of eight hundred days of non-tolled time prior to the filing of this habeas petition. Thus, the time is well outside the limitations period.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Additionally, there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner did not address the statute of limitations argument in his response in opposition.

However, it is noted in his petition, he stated under the heading "Timeliness of Petition" that "The

11

Petition[er] never went to school to learn how to read or write. Also the Petition[er] has a mental disorder of the mind. The petition[er] has below normal intelligence and psychological problems. That is why the Petition[er] could not have met the statute of limitations as require[ed]." (Petition page 14). Petitioner has not presented evidence of these allegations. Therefore, petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, supra.  Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the respondents' motion for summary judgment (document #12) should be granted as the petitioner's habeas corpus petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates the petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that respondents' motion for summary judgment (document #12) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 30, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**